# EXHIBIT 1

Index of Matters Being Filed
from Cause No. 2016-58450
from the 129th District Court,
Harris County, Texas


| | |
|---|---|
| Attachment A: | All Executed Process<br>▪ Civil Process Request |
| Attachment B: | Pleadings<br>▪ Plaintiff's Original Petition |
| Attachment C: | State Court Docket Sheet |
| Attachment D: | List of All Counsel of Record |


** State Court Record Contains No Orders Signed by the State Court Judge

## **ATTACHMENT A**

Case 4:16-cv-02987   Document 1-1   Filed in TXSD on 10/05/16   Page 3 of 19

10/3/2016 11:01:27 AM
Chris Daniel - District Clerk Harris County
Envelope No. 13020685
By: Marcella Hill
Filed: 10/3/2016 11:01:27 AM

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): _____

**FILE DATE OF MOTION:** _____
                                                            Month/        Day/         Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**1.**  NAME: _____
   ADDRESS: _____
   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**               ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____
   ☐ **MAIL**                           ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
      Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER**, *explain* _____

********************************************************************************************

**2.**  NAME: _____
   ADDRESS: _____
   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   ☐ **ATTORNEY PICK-UP**               ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER -**  Authorized Person to Pick-up: _____ Phone: _____
   ☐ **MAIL**                           ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
      Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                             ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
NAME: _____   TEXAS BAR NO./ID NO. _____
MAILING ADDRESS: _____
PHONE NUMBER: _____   _____          FAX NUMBER: _____   _____
                area code           phone  number                                 area code           fax  number
EMAIL ADDRESS: _____

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

| INSTRUMENTS TO BE SERVED: | PROCESS TYPES: |
|---|---|
| (Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.) | |
| | NON WRIT: |
| ORIGINAL PETITION | CITATION |
| _____  AMENDED PETITION | ALIAS CITATION |
| _____  SUPPLEMENTAL PETITION | PLURIES CITATION |
| | SECRETARY OF STATE CITATION |
| | COMMISSIONER OF INSURANCE |
| COUNTERCLAIM | HIGHWAY COMMISSIONER |
| _____  AMENDED COUNTERCLAIM | CITATION BY PUBLICATION |
| _____  SUPPLEMENTAL COUNTERCLAIM | NOTICE |
| | SHORT FORM NOTICE |
| CROSS-ACTION: | |
| _____  AMENDED CROSS-ACTION | PRECEPT (SHOW CAUSE) |
| _____  SUPPLEMENTAL CROSS-ACTION | RULE 106 SERVICE |
| | |
| THIRD-PARTY PETITION: | SUBPOENA |
| _____  AMENDED THIRD-PARTY PETITION | |
| _____  SUPPLEMENTAL THIRD-PARTY PETITION | WRITS: |
| | ATTACHMENT (PROPERTY) |
| INTERVENTION: | ATACHMENT (WITNESS) |
| _____  AMENDED INTERVENTION | ATTACHMENT (PERSON) |
| _____  SUPPLEMENTAL INTERVENTION | |
| | |
| INTERPLEADER | CERTIORARI |
| _____  AMENDED INTERPLEADER | |
| _____  SUPPLEMENTAL INTERPLEADER | EXECUTION |
| | EXECUTION AND ORDER OF SALE |
| | |
| | GARNISHMENT BEFORE JUDGMENT |
| INJUNCTION | GARNISHMENT AFTER JUDGMENT |
| MOTION TO MODIFY | |
| | HABEAS CORPUS |
| SHOW CAUSE ORDER | INJUNCTION |
| TEMPORARY RESTRAINING ORDER | TEMPORARY RESTRAINING ORDER |
| | |
| | PROTECTIVE ORDER (FAMILY CODE) |
| | PROTECTIVE ORDER (CIVIL CODE) |
| BILL OF DISCOVERY: | |
| ORDER TO: _____ | POSSESSION (PERSON) |
| (specify) | POSSESSION (PROPERTY) |
| MOTION TO: _____ | |
| (specify) | |
| | SCIRE FACIAS |
| | SEQUESTRATION |
| | SUPERSEDEAS |

Certified Document Number: 72146992 - Page 2 of 2

CIVCI08 Revised 9/3/99



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 4, 2016

Certified Document Number:        72146992 Total Pages: 2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# **ATTACHMENT B**

8/30/2016 9:06:38 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12456577
By: Sarah Anderson
Filed: 8/30/2016 9:06:38 PM

**2016-58450 / Court: 129**

CAUSE NO. _____

| | | |
|---|---|---|
| JEFFREY S. CHAMPLIN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| QUANTLAB FINANCIAL, LLC, | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Jeffrey S. Champlin, complaining of Quantlab Financial, LLC, Defendant, and for cause of action would respectfully show the following:

### I. DISCOVERY CONTROL PLAN

1.1. Pursuant to the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 2. TEX. R. CIV. P. 190.3.

1.2. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking monetary relief over $1,000,000.

### II. PARTIES

2.1. Plaintiff, *Jeffrey S. Champlin* ("Champlin" or "Plaintiff"), is an individual residing in Harris County, Texas. The last three digits of Plaintiff's Texas driver's license number are 210 and the last three digits of his Social Security number are 617.

2.2. Defendant, *Quantlab Financial, LLC* ("Quantlab" or "Defendant"), is a limited liability company with its principal place of business in Harris County, Texas. Quantlab may be served with citation through its registered agent, Corporation Service Company DBA CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION AND VENUE

3.1.    The Court has jurisdiction over this controversy because the damages sought herein are within the jurisdictional limits of the Court.

3.2    Venue of this action is proper in Harris County, Texas, because the events giving rise to the claim occurred in whole or in part in Harris County, Texas, and the Defendant has its principal place of business in Harris County, Texas.

### IV. STATEMENT OF CAUSES OF ACTION

4.1.    In late 2010/early 2011, Champlin interviewed with an employment agency specializing in recruiting, hiring, training, promoting, and transferring potential employees for its corporate clients.

4.2.    On or about, July 11, 2013, Champlin received an email from the employment agency on behalf of one of its corporate clients. The email outlined a job position for a Software Engineer in Trading Support within an undisclosed company's Operations/Support team.

4.3.    The job description included the following language: "[w]e are not looking for anyone with overspecialization or HelpDesk/1st level support candidates or candidates with more than 10-12 years of experience. This is a pretty young, eager group, so culturally 1-5 years experience is the best fit."

4.4.    Champlin was fifty-six years old at the time he received the email.

4.5.    On July 17, 2013, Champlin filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") against the employment agency. When Champlin filed the charge, he did not know the identity of the company who issued the job posting and was looking to hire for the position.

Certified Document Number: 71707036 - Page 2 of 8

4.6. In mid-February 2016, Champlin requested and received the EEOC file regarding his charge of discrimination against the employment agency. The EEOC file contained email communications from Quantlab's Technical Recruiter representative regarding the job posting. This was the first time Champlin was made aware that Quantlab was the entity who apparently drafted the listing for the Software Engineer in Trading Support position.

4.7. The email communications contained additional job postings with similar age discriminatory language. Quantlab's email to the employment agency indicated with regard to the position that it would be an ongoing search for the Software Engineer in Trading Support position and that the headcount for the position was six.

4.8. As a result of the discriminatory wording of the email, Champlin was deterred from applying and did not apply for the Software Engineer in Trading Support position because such an application would have been futile and lead to certain rejection. Champlin was effectively rejected for the position.

4.9. Individuals substantially younger than Champlin and/or outside the protected class were hired for the positions.

### V. DISCRIMINATION—ADEA

5.1. Champlin incorporates the factual allegations recited above. Champlin would show that Quantlab's conduct constitutes violations of the Age Discrimination in Employment Act of 1967 ("ADEA") in that Quantlab discriminated against Champlin because of his age by creating a discriminatory job posting indicating to Champlin and any reasonable person that it would have been futile for Champlin to apply. Quantlab discriminated against Champlin by classifying him on the basis of his age.

Certified Document Number: 71707036 - Page 3 of 8

5.2. Champlin was a victim of age discrimination who was deterred from applying because of the discriminatory practice evidenced in the email. Had it not been for the age-related discriminatory language in Quantlab's job posting, Champlin would have applied for the job.

5.3. Quantlab has engaged in a pattern and practice of age discrimination by excluding individuals over the age of forty for employment opportunities through similar discriminatory emails and job notices.

5.4. Quantlab's discriminatory conduct has caused Champlin damages by way of loss of wages and benefits in the past and which, in reasonable probability, he will suffer in the future.

5.5. Quantlab's discriminatory conduct was willful. Accordingly, Champlin seeks an award of liquidated damages against Quantlab.

5.6. Reinstatement is not feasible.

## VI. DISPARATE IMPACT—ADEA

6.1. In the alternative, Champlin incorporates the factual allegations recited above and would show that the conduct of Quantlab constitutes violations of the ADEA in that Quantlab is liable to Champlin for engaging in conduct having a disparate impact on older applicants.

6.2. Quantlab, through an employment agency, sent an email giving notice of a job. By essentially indicating in the email that individuals with more than a certain number of years experience need not apply, and other language which Quantlab may argue is facially neutral, the practice resulted in a disparate impact on older individuals generally and Champlin specifically. This employment practice is responsible for statistical disparities as against older applicants. There is a causal link between the employment practice and the disparity. The discriminatory

practice is not justified by a lawful business necessity. Additionally, the discriminatory practice is not justified by a reasonable factor other than age.

6.3.     Quantlab's discriminatory conduct has caused Champlin damages by way of loss of wages and benefits in the past and which, in reasonable probability, he will suffer in the future.

### VII. DISCRIMINATION—TCHRA

7.1.     Quantlab's conduct constitutes violations of the Texas Commission on Human Rights Act ("TCHRA") in that Defendants discriminated against Champlin by creating a discriminatory job posting indicating to Champlin and any reasonable person that it would have been futile for Champlin to apply. Had it not been for the age-related discriminatory language in the email posting, Champlin would have applied for the job.

7.2.     Quantlab's discriminatory conduct has caused Champlin damages by way of loss of wages and benefits in the past and future, mental anguish, emotional pain, inconvenience, humiliation, loss of enjoyment of life and other pecuniary and non-pecuniary compensatory damages he has suffered in the past, and in reasonable probability, will suffer in the future, all in an amount in excess of the minimum jurisdictional requirements of this court.

7.3.     Quantlab's conduct was committed with malice or reckless indifference to Champlin's state-protected rights and as such justifies an award of punitive damages.

7.4.     Reinstatement is not feasible.

### VIII. DISPARATE IMPACT – TCHRA

8.1.     Champlin incorporates the factual allegations recited above and would show that Quantlab conduct constitutes violations of the TCHRA in Quantlab is liable to Mr. Champlin for engaging in conduct having a disparate impact on older applicants.

8.2. Quantlab engaged in specific employment practices of not considering applications from older applicants. Such discriminatory practice is responsible for observed statistical disparities on older applicants and there is a causal link between the employment practice and disparity. The discriminatory practice is not necessary for a safe and efficient job performance (*i.e.*, is not consistent with a business necessity). Additionally, the discriminatory practice is not justified by a reasonable factor other than age.

8.3. Quantlab's discriminatory conduct has caused Champlin damages by way of loss of wages and benefits in the past and future, mental anguish, emotional pain, inconvenience, humiliation, loss of enjoyment of life, and other pecuniary and non-pecuniary compensatory damages he has suffered in the past, and in reasonable probability, will suffer in the future, all in an amount in excess of the minimum jurisdictional requirements of this court.

8.4. Quantlab's conduct was committed with malice or reckless indifference to Champlin's state-protected rights and as such justifies an award of punitive damages.

8.5. Reinstatement is not feasible.

### IX. ATTORNEY'S FEES

9.1. Defendants' conduct has made it necessary for Champlin to employ the undersiged attorneys to file and prosecute this lawsuit. Accordingly, Champlin seeks reasonable attorneys' fees for the services rendered and to be rendered pursuant to the TCHRA and ADEA through trial and in making or responding to an appeal to the Texas Supreme Court, as well as a determination on the merits.

## X. ADMINISTRATIVE PREREQUISITES

10.1. Champlin has satisfied all administrative requirements to bringing this cause of action under the TCHRA and ADEA. Champlin timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and by deferral with the Texas Workforce Commission—Civil Rights Division ("TWC-CRD") on or about June 6, 2016, which was within 180 (and 300) days after Champlin learned Quantlab was the potential hiring party who issued the discriminatory job posting.

10.2. On or about July 1, 2016, the EEOC mailed a *Dismissal and Notice of Rights*. Champlin has satisfied his administrative requirements under the ADEA.

10.3. Champlin has requested a Notice of Right to File a Civil Action from the TWC-CRD.

10.4. Champlin pleads the discovery rule and the doctrine of equitable tolling.

10.5. Champlin timely filed this lawsuit.

## XI. JURY DEMAND

11.1. Champlin demands a jury on all issues to be tried in this matter and submits herewith the jury fee.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that upon final trial he be awarded judgment against Defendant for actual damages, reinstatement if it is not unfeasible, front pay, compensatory and punitive damages, liquidated damages, costs of suit, pre-judgment interest and post-judgment interest at the highest legal rate, and such other and further relief, whether general or special, legal or equitable, to which he may be justly entitled.

Respectfully submitted,

FIDDLER & ASSOCIATES, P.C.

/s/ G. Scott Fiddler
_____
G. SCOTT FIDDLER
SBOT #06957750
scott@fiddlerlaw.com
ANDREW W. REED
SBOT #24074935
areed@fiddlerlaw.com
1004 Congress, 3rd Floor
Houston, Texas 77002
Tel.:   713-228-0070
Fax:    713-228-0078

ATTORNEYS FOR PLAINTIFF



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 4, 2016


Certified Document Number:        71707036 Total Pages: 8

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**ATTACHMENT C**

Harris County Docket Sheet

# 2016-58450

**COURT:** 129th
**FILED DATE:** 8/30/2016
**CASE TYPE:** Discrimination



### CHAMPLIN, JEFFREY S
Attorney: FIDDLER, G. SCOTT

### vs.

### QUANTLAB FINANCIAL LLC

| Docket Sheet Entries ||
|---|---|
| Date | Comment |

# **ATTACHMENT D**

**List of Counsel of Record**

G. Scott Fiddler
Andrew W. Reed
FIDDLER & ASSOCIATES, P.C.
1004 Congress, 3rd Floor
Houston, Texas 77002
713.228.0070 (Tel.)
713.228.0078 (Fax)

ATTORNEYS FOR PLAINTIFF JEFFREY S. CHAMPLIN


G. Mark Jodon
Travis J. Odom
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Tel.)
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT QUANTLAB FINANCIAL, LLC